# EXHIBIT "A"

COPY

1  | **Marc J. Victor, SBN 016064**
   | **Jody L. Broaddus, SN 020122**

FEB 1 5 2019

CLERK OF THE SUPERIOR COURT
S. SZAKACS
DEPUTY CLERK

2  | ATTORNEYS FOR FREEDOM
3  | 3185 South Price Road
   | Chandler, Arizona 85248
4  | Phone: (480) 755-7110
   | Fax: (480) 857-0150
5  | Marc@AttorneyForFreedom.com
6  | Jody@AttorneyForFreedom.com
   | *Attorneys for Plaintiffs*
7

8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9            **IN AND FOR THE COUNTY OF MARICOPA**

10 | LAZARO CURIEL, an individual,        Case No.:
                                          CV 2019-090824
11 |            Plaintiffs,

12 | v.
                                          **COMPLAINT**
13 | CITY OF PHOENIX, a municipal entity, and
   | JAMES BYRD, in his official and individual   **(42 U.S.C. § 1983 Violations, Gross**
14 | capacities;                                   **Negligence, Arizona Constitutional**
                                                   **Violations)**
15 |            Defendants.

16

17       Plaintiff Lazaro Curiel, by and through undersigned counsel, for his Complaint against

18  Defendants alleges as follows:

19                      **PARTIES, JURISDICTION, AND VENUE**

20       1.      Plaintiff brings this action pursuant to 42 U.S.C § 1983, and the First, Fourth, and

21  Fourteenth Amendments of the United States Constitution.

22       2.      Jurisdiction and venue are proper in the Court pursuant to 28 U.S.C. § 1331 and

23  1343.

24       3.      The events at issue in this lawsuit occurred in the State of Arizona.

25       4.      Plaintiff is, and was at all material times, a resident of the State of Arizona.

26

5. Defendant City of Phoenix (hereinafter referred to as "Phoenix") is a municipality formed and designated as such pursuant to Title 9 of the Arizona Revised Statutes.

6. Defendant Phoenix is subject to a civil suit and may be held liable both independently and vicariously, as permitted by federal and state law, for the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including the City of Phoenix Police Department ("Phoenix Police Department") and its officers and employees.

7. At all times material to this Complaint, Defendant James Byrd ("Byrd") was resident of the State of Arizona.

8. At all times material to this Complaint, Defendant Byrd was an agents and employees of Defendant Glendale and were acting within the course and scope of their employment with the Glendale Police Department. Defendants Schneider, Lindsey, and Fernandez are sued both in their official and individual capacities for purposes of Plaintiff's claims under 42 U.S.C. § 1983.

## DISCOVERY TIER

9. Pursuant to Ariz. R. Civ. P. 26.2(c)(3), the Court should assign this case to the following tier based on the amount of damages requested:

☐ Tier 1 = Actions claiming $50,000 or less in damages.

☐ Tier 2 = Actions claiming more than $50,000 and less than $300,000.00 in damages, OR Actions claiming nonmonetary relief.

☒ Tier 3 = Actions claiming $300,000 or more in damages.

## GENERAL ALLEGATIONS

10. On the evening of February 16, 2018, Plaintiff Lazaro Curiel was performing repairs on a vehicle outside of his neighbor's residence when several vehicles suddenly approached the property at a very high rate of speed. The vehicles were unmarked City of Phoenix police vehicles, and their headlights were on which prevented Plaintiff from seeing the vehicles or their occupants.

11. As the vehicles came to a stop, Plaintiff turned away from the trunk of the vehicle he was repairing and, as he turned, Defendant Byrd began shooting him. At no time did any officer identify themselves prior to the shooting.

12. Plaintiff was shot multiple times by Defendant Byrd. Plaintiff immediately fell to the ground and was unable to move due to his injuries from the shooting.

13. While Plaintiff was on the ground after being shot, Defendant Phoenix officers deployed a K-9 officer which caused additional injuries to Plaintiff.

14. Defendant Phoenix's K-9 officer dragged Plaintiff into the middle of the street, where Plaintiff was then stood up and laid on the hood of a marked police suburban by Defendant Phoenix officers.

15. Defendants wrongfully arrested and charged Plaintiff Lazaro Curiel with aggravated assault and, as a result, he has spent no less than a year in jail.

16. As a result of the shooting by Defendant Byrd, Plaintiff sustained various substantial and life-threatening injuries, and he was deprived of his constitutional rights.

17. Defendant Phoenix's officers and agents, including Defendant Byrd, failed to employ proper protocols and training, and they failed use proper methods to execute an arrest. Further, there was no basis to arrest Plaintiff.

18. Defendant Byrd used unlawful, unnecessary, unreasonable, and excessive force, which resulted in life-altering injuries to Plaintiff Lazaro Curiel. The shooting of Plaintiff Lazaro Curiel was unlawful, unprovoked, unwarranted, unjustified, callous, depraved, vicious, and evil.

19. The acts and omissions of Defendant Byrd alleged herein were taken on behalf of, for the benefit of, and as agents of Defendant Phoenix. Also, such acts and omissions occurred in the course and scope of the officer's employment with Defendant Phoenix. Upon information and belief, the acts and omissions were either authorized by, were directed or caused by, or were consistent with or performed pursuant to policies, practices, and customs of Defendant Phoenix.

Therefore, Defendant Phoenix is liable for all such acts and omissions, as well as Plaintiff's injuries and damages that result from such acts and omissions.

20.     Defendant maliciously charged Plaintiff Lazaro Curiel with aggravated assault, a class 5 felony, and other alleged crimes, and he has remained in jail for no less than a year.

21.     Defendants' wrongful conduct deprived Plaintiff's rights secured to him by the Constitution and the laws of the United States, including, among other things:

        a.     The right to be free from unreasonable search or unreasonable seizure;
        b.     The right to be free from the use of unreasonable, unjustified, and excessive force;
        c.     The right to be free from deprivation of life, liberty, or property without due process of law; and
        d.     The right to be free from summary punishment;

22.     Defendants' wrongful acts and omissions have had, and will continue to have, an extremely detrimental impact on the Plaintiff, and his damages are significant.  Plaintiff Lazaro Curiel was subject to a tragedy at the hands of the Phoenix Police Department, which has resulted in lifelong and permanent injuries and scars.  As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages in an amount to be proven at trial.

23.     Defendants' acts and omissions were evil, malicious, and undertaken with the intent to harm Plaintiffs or with a reckless disregard of the substantial risk of serious harm, and Defendants acted with an evil mind.  Therefore, Plaintiff is entitled to punitive or exemplary damages.

24.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to recover their reasonable attorneys' fees and costs, including expert fees.

**COUNT ONE**

**42 U.S.C. § 1983 - Excessive Force in Violation of the**

**Fourth, and Fourteenth Amendments**

**(Against Defendant Byrd)**

25.     Plaintiff re-alleges and incorporates by reference their claims, facts, and allegations contained in the paragraphs above, as if set forth fully herein.

26.     Plaintiff Lazaro Curiel did not engage in any illegal activity and there was no probable cause to stop, detain, or arrest Plaintiff at the time Defendants employed lethal force against Plaintiff Lazaro Curiel.

27.     Plaintiff Lazaro Curiel did not pose a threat to the officers, did not resist the officers, and did not attempt to flee from officers as they approached the residence.

28.     The degree of force employed by Defendant Byrd against Plaintiff Lazaro Curiel was unlawful, excessive, and not justified.

29.     Defendant Byrd used excessive, extremely painful, and deadly force against Plaintiff Lazaro Curiel, even though he was not engaged in any criminal activity, threatening, resisting, or trying to escape.  Further, there was no probable cause or reasonable suspicion to detain, stop, or arrest Plaintiff.

30.     Defendant Byrd utilized a lethal and deadly level of force against a civilian in violation of Plaintiff's Fourth Amendment rights.

31.     Defendant Byrd's conduct violated clearly established constitutional rights, which any reasonable person would have known such conduct would do so.  Therefore, Defendant Byrd is not entitled to qualified immunity.

32.     Defendant's wrongful conduct and unconstitutional actions were the moving force of Plaintiff's injuries and damages.

33.     Defendant Byrd's excessive and deadly force that was used against Plaintiff Lazaro Curiel was illegal, unprovoked, without justification, and lacked probable cause, and it further resulted in severe, life-altering injuries and damages.  Further, Defendant Byrd's acts and omissions constitute negligence, gross negligence, reckless disregard and/or assault.

34.    Defendant Byrd's unlawful acts against Plaintiff, violated the duties of care Defendants owed to the Plaintiff and amounts to a complete disregard for human life.

35.    As a direct and proximate result of wrongful acts and omissions of Defendant Byrd, Plaintiff has suffered devastating injuries and emotional trauma.

36.    As a direct and proximate result of wrongful acts and omissions of Defendant Byrd, Plaintiff is entitled to recover injuries and damages in an amount to be determined at trial.

37.    Defendant Byrd's unlawful and malicious acts deprived Plaintiff Lazaro Curiel of his right to be free from excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

38.    Defendant Byrd acted with intent to cause injury and their wrongful conduct was motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Plaintiff Lazaro Curiel. Defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff. Thus, deterrence and punishment are appropriate. Therefore, Plaintiff is entitled to an award for punitive damages.

### COUNT TWO

### Gross Negligence

### (Against All Defendants)

39.    Plaintiff re-alleges and incorporates, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

40.    Defendants have a statutory and common law duty to assure the safety and well-being of persons and a duty to protect Plaintiff from harm that may be caused by the use of unnecessary, unreasonable, or excessive force.

41.     Defendants acted and/or failed to act, despite knowing or having reason to know that Plaintiff was or would be inappropriately subjected to an unreasonable risk of serious harm and injury or death as a result of their actions and/or inactions.

42.     Defendants subjected Plaintiff to reckless and excessive force, and/or failed to intervene to prevent use of such force, as alleged above.

43.     A reasonable person under the same circumstances would have known that Plaintiff was inappropriately subjected to the use of unreasonable and unjustified force.

44.     Defendants breached grossly their duties, as identified by the allegations set forth in the paragraphs above by, among others and without limitation: subjecting Plaintiff to excessive force and failing to properly follow the applicable protocols, practices, policies, training, and standards of law enforcement.

45.     Defendant Phoenix breached its duties, as identified by the allegations set forth in the paragraphs above, by (among others and without limitation): failing to properly screen, hire, retain and supervise its employees; ratifying improper conditions, customs, policies, procedures, and/or practices by inaction; implementing, utilizing, and/or permitting to exist unreasonable dangerous policies, practices, protocols, customs, and training (or lack thereof) with respect to (among others and without limitation) the use of force; approaching, arresting, and/or responding to citizens; failing to appropriately hire, retain and supervise its employees.

46.     Defendant Byrd was, at all times material hereto, acting within the course and scope of their employment, and Defendant Phoenix is vicariously liable for the actions of Defendant Byrd.

47.     Defendants' breaches of duty caused or contributed to Plaintiff's injuries.

48.     As the result of Defendants' gross negligence, Plaintiff has suffered, and will continue to suffer from permanent injuries pain, anguish, stress, shock, and mental damages; and economic and non-economic damages in an amount to be proven at trial.

49.     As a direct and proximate result of Defendants' grossly negligent acts and omissions, Plaintiff has been damaged in an amount to be proven at trial.

50.     Defendants' conduct was engaged in with intent to cause injury, was wrongful conduct motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of or cause the death of Plaintiff.  Indeed, Defendants' callous disregard was further accentuated by Defendants' deployment of the K-9 officer and the subsequent attacking and dragging of Plaintiff's unresponsive body.  Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm or death to Plaintiff.  Moreover, deterrence and punishment are appropriate.  Therefore, Plaintiff is entitled to an award for punitive damages.

## COUNT THREE

### Violation of Article 2, Sections 4 and 8 of the Arizona Constitution

### (All Defendants)

51.     Plaintiff re-alleges and incorporates, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

52.     Defendant Phoenix is vicariously liable for the conduct of their employees under the doctrine of *respondeat superior*.

53.     Article 2, Section 4 of the Arizona Constitution explicitly guarantees any given person due process of law.

54.     Article 2, Section 8 of the Arizona Constitution explicitly guarantees any person the right to privacy as to their personal affairs.

55.     Defendants violated these constitutional rights by knowingly and intentionally engaging in such conduct that any reasonable person or minimally competent officer would have known, or should have known, would violate these clearly established rights.

56.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages and for judgment against Defendants as follows:

A.    General and compensatory damages in an amount to be proved at trial;

B.    For taxable costs and pre and post judgment interest to the extent permitted by law;

C.    Punitive damages in an amount deemed just and reasonable as permitted by law against Defendant Byrd;

D.    For costs and attorneys' fees against under Arizona law, the Constitution, and laws of the United States, including 42 U.S.C. § 1988;

E.    Such other and further relief which may seem just and reasonable under the circumstances.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury on all issues in this matter triable to a jury.

RESPECTFULLY SUBMITTED this _15th_ day of February, 2019.

ATTORNEYS FOR FREEDOM

By:_____ _For_

Jody L. Broaddus, Esq.
Marc J. Victor, Esq.
*Attorneys for Plaintiffs*

In the Superior Court of the State of Arizona
in and for the County of ___Maricopa___

Case Number: CV2019-090824

## CIVIL COVER SHEET- NEW FILING ONLY
### (Please Type or Print)

Plaintiff's Attorney ___Jody Broaddus___

Attorney Bar Number ___020122___

Plaintiff's Name(s): (List all)
Lazaro Curiel, c/o ATTORNEYS FOR FREEDOM,   Plaintiff's Address:
3185 S. Price Rd., Chandler, AZ 85248, 480-755-7110

Phone #:

Email Address:

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
The City of Phoenix

James Byrd

(List additional Defendants on page two and/or attach a separate sheet)

Is an Interpreter Needed? ☐ Yes ☒ No
If yes, what language: 

COPY

FEB 15 2019

CLERK OF THE SUPERIOR COURT
S. SZAKACS
DEPUTY CLERK

COURT SEAL

(Place "X" next to the **one** case category that most accurately describes your primary case.)

## NATURE OF ACTION

**100 TORT OR VEHICLE:**
☐ 101 Non-Vehicle Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT MOTOR VEHICLE:**
☒ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify)

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D. ☐ 123 Hospital
☐ 122 Physician D.O. ☐ 124 Other

**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
Construction Defects (Residential/Commercial)
☐ 136 Six to Nineteen Structures
☐ 137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**
☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
(A.R.S. §23-212)

©Superior Court of Maricopa County
ALL RIGHTS RESERVED

Page 1 of 2

Case No._____

☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
   (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
   (All other tax matters must be filed in the AZ Tax Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
   (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other _____
                     (Specify)

## RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:

(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $ _____     ☐ Tier 1     ☐ Tier 2     ☒ Tier 3

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC     ☐ Election Challenge
☐ Employer Sanction               ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the commercial Court. More information on the commercial Court, including the most recent forms, are available on the Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____



1  **Marc J. Victor, SBN 016064**
   **Jody L. Broaddus, SN 020122**
2  ATTORNEYS FOR FREEDOM
3  3185 South Price Road
   Chandler, Arizona 85248
4  Phone: (480) 755-7110
   Fax: (480) 857-0150
5  Marc@AttorneyForFreedom.com
6  Jody@AttorneyForFreedom.com
   *Attorneys for Plaintiffs*

**COPY**

FEB 1 5 2019

CLERK OF THE SUPERIOR COURT
S. SZAKACS
DEPUTY CLERK

7

8  ### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
9  ### IN AND FOR THE COUNTY OF MARICOPA

10  LAZARO CURIEL, an individual,          | Case No.: CV 2019-090824

11                Plaintiffs,

                                          **CERTIFICATE OF COMPULSORY**
12  v.                                     **ARBITRATION**

13  CITY OF PHOENIX, a municipal entity, and
    JAMES BYRD, in his official and individual
14  capacities;

15                Defendants.

16

17      The undersigned certifies that she knows the dollar limits and any other limitations set forth

18  by the local rules of practice for this court, and further certifies that this case is **NOT** subject to

19  compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil

20  Procedure.

21      DATED this *15th* day of February, 2019.

22                          ATTORNEYS FOR FREEDOM

23

24      By: _____
            Marc J. Victor, Esq.
25          Jody L. Broaddus, Esq.
            *Attorneys for Plaintiff*

26

Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**

04/24/2019

by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

04/20/2019

### COURT ADMINISTRATION

**Case Number:** CV2019-090824

**Lazaro Curiel**

**V.**

**City Of Phoenix**

The Judge assigned to this action is the Honorable Tracey Westerhausen

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 02/15/2019 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 05/16/2019. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

RECEIVED
CITY OF PHOENIX

2019 MAY -9 PM 3: 42

CITY ATTORNEY'S OFFICE

1  **Marc J. Victor, SBN 016064**
   **Jody L. Broaddus, SN 020122**
2  ATTORNEYS FOR FREEDOM
3  3185 South Price Road
   Chandler, Arizona 85248
4  Phone: (480) 755-7110
   Fax: (480) 857-0150
5  Marc@AttorneyForFreedom.com
6  Jody@AttorneyForFreedom.com
   *Attorneys for Plaintiffs*



7

8        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9           **IN AND FOR THE COUNTY OF MARICOPA**

10  LAZARO CURIEL, an individual,          Case No.:  CV2019-090824

11               Plaintiffs,

12  v.                                          **SUMMONS**

13  CITY OF PHOENIX, a municipal entity, and
    JAMES BYRD, in his official and individual
14  capacities;

15               Defendants.

16  ─────────────────────────────────────

17  FROM THE STATE OF ARIZONA TO:

        THE CITY OF PHOENIX.

18
        1.    A lawsuit has been filed against you. A copy of the lawsuit and other court papers
19
    are served on you with this "Summons".
20
        2.    If you do not want a judgment or order taken against you without your input, you
21
    must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do
22
    not file an "Answer" or "Response" the other party may be given the relief requested in his/her
23
    Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or
24
    "Response" to the:
25
        •    Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix,
26          Arizona 85003-2205, OR

• Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032, OR

• Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201, OR

• Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

• 601 West Jackson, Phoenix, Arizona 85003 • 18380 North 40th Street, Phoenix, Arizona 85032

• 222 East Javelina Avenue, Mesa, Arizona 85210 • 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

The names and address of plaintiff's attorney is:

ATTORNEYS FOR FREEDOM
3185 South Price Road
Chandler, Arizona 85248
(480) 755-7110

FEB 15 2019          JEFF FINE, CLERK

SIGNED AND SEALED THIS DATE: _____

CLERK OF COURT

_____
Deputy Clerk

S. SZAKACS
DEPUTY CLERK

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

METHOD OF SERVICE:
____ Private Process Service
____ Sheriff or Marshall
____ Personal Service
____ Registered/Certified Mail (out of state)

- 3 -

# EXHIBIT "B"

Attorneys for Freedom Law Firm
3185 South Price Road
Chandler, AZ 85248
(480) 765-7110





CLERK OF THE
SUPERIOR COURT
RECEIVED OF
JUDGMENT DEPOSITORY

2019 MAY 10  PM 1: 03

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

LAZARO CURIEL, an individual

                              Plaintiff,

          vs.

CITY OF PHOENIX, a municipal entity, and
JAMES BYRD, in his official and individual
capacities

                              Defendant.

Case Number: CV2019-090824

**RETURN OF SERVICE**

Received by Maricopa County Process Service, PLLC on the 8th day of May, 2019 at 5:07 pm to be served on THE CITY OF PHOENIX, c/o Ed Zuercher, City Manager, 200 W. Washington Street, Phoenix, AZ 85003.

I, Gregory M Urroz, Process Server, do hereby affirm that on the **9th day of May, 2019 at 11:07 am, I:**

served a **GOVERNMENT AGENCY** by delivering a true copy of the **Summons, Complaint and Certificate of Compulsory Arbitration**, to:   Pam Rieckhoff as **Special Deputy City Clerk,** a person authorized to accept service for **THE CITY OF PHOENIX**, and informed said person of the contents therein, in compliance with State Statutes.

**Description** of Person Served: Age: 47, Sex: F, Race/Skin Color: White, Height: 5'8", Weight: 160, Hair: Dark Brown, Glasses: N

**Service Fee Items:**
| | |
|---|---|
| Standard Service of Process | $70.00 |
| Total | $70.00 |

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Gregory M Urroz, Process Server
Maricopa County, #MC8253

Maricopa County Process Service, PLLC
600 E Baseline Rd
Suite B6
Tempe, AZ 85283
(602) 424-7474

Our Job Serial Number: GUR-2019001905
Ref: CV2019-090824

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V7.2n

Attorneys for Freedom Law Firm
3185 South Price Road
Chandler, AZ 85248
(480) 765-7110



CLERK OF THE
SUPERIOR COURT
RECEIVED CLG #4
NIGHT DEPOSITORY

**19 MAY 20  AM 10: 32**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**LAZARO CURIEL, an individual**

                                    Plaintiff,

            vs.

**CITY OF PHOENIX, a municipal entity, and
JAMES BYRD, in his official and individual
capacities**

                                    Defendant.

Case Number: CV2019-090824

**RETURN OF SERVICE**



Received by Maricopa County Process Service, PLLC on the 16th day of May, 2019 at 10:06 am to be served on **JAMES BYRD, in his official and individual capacities, PHOENIX POLICE ACADEMY, 10001 S. 15TH AVE., PHOENIX, AZ 85041.**

I, Gary Viscum, do hereby affirm that on the **17th day of May, 2019** at **11:37 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons, Complaint and Certificate of Compulsory Arbitration,** to: **JAMES BYRD, in his official and individual capacities** at the address of: **PHOENIX POLICE ACADEMY, 10001 S. 15TH AVE., PHOENIX, AZ 85041,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: White, Height: 5'10", Weight: 180, Hair: Bald, Glasses: .

**Service Fee Items:**

| | |
|---|---|
| Standard Service of Process | $70.00 |
| Total | $70.00 |

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

I certify by my signature below that this Return of
Service was executed electronically by the Certified
Process Server whose information appears below the
signature, that the Process Server has reviewed the
information entered electronically, and that the
Process Server's certification is in good standing.

_signature_

**Gregory M Urroz #MC8253 (Maricopa County)
Supervising Process Server**

_signature_

**Gary Viscum**
Process Server MC-8532

**Maricopa County Process Service, PLLC
600 E Baseline Rd
Suite B6
Tempe, AZ 85283
(602) 424-7474**

Our Job Serial Number: GUR-2019002002
Ref: CV2019-090824

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V7.2n

# EXHIBIT "C"

1   John T. Masterson, Bar #007447
    Derek R. Graffious, Bar #033486
2   JONES, SKELTON & HOCHULI, P.L.C.
    40 North Central Avenue, Suite 2700
3   Phoenix, Arizona  85004
    Telephone:  (602) 263-7330
4   Fax:  (602) 200-7846
    jmasterson@jshfirm.com
5   dgraffious@jshfirm.com
    minuteentries@jshfirm.com
6
    Attorneys for Defendants City of Phoenix
7   and James Byrd

8
                **SUPERIOR COURT OF THE STATE OF ARIZONA**
9
                        **COUNTY OF MARICOPA**
10

11  LAZARO CURIEL, an individual,            NO. CV2019-090824

12                           Plaintiff,      **DEFENDANTS' NOTICE OF FILING
                                             NOTICE OF REMOVAL IN UNITED**
13             v.                            **STATES DISTRICT COURT**

14  CITY OF PHOENIX, a municipal entity, and (Assigned to the Honorable Tracey
    JAMES BYRD, in his official and individual Westerhausen)
15  capacities,

16                           Defendants.

17

18        Defendants, City of Phoenix and James Byrd, through undersigned counsel and pursuant

19  to 28 U.S.C. §1441, et seq., notify this Court that they filed a Notice of Removal of this action to

20  the United States District Court for the District of Arizona. A copy of the Notice of Removal

21  (exclusive of exhibits) is attached as **Exhibit A**.

22  / / /

23  / / /

24  / / /

25  / / /

7624609.1

DATED this 30th day of May 2019.

                                JONES, SKELTON & HOCHULI, P.L.C.


                                By  */s/ Derek R. Graffious*
                                    John T. Masterson
                                    Derek R. Graffious
                                    40 North Central Avenue, Suite 2700
                                    Phoenix, Arizona  85004
                                    Attorneys for Defendant City of Phoenix and
                                    James Byrd

ORIGINAL of the foregoing e-filed
this 30th day of May 2019.

COPY of the foregoing mailed
this 30th day of May 2019, to:

Marc J. Victor
Jody L. Broaddus
Attorneys for Freedom
3185 South Price Road
Chandler, AZ 85248
March@AttorneyForFreedom.com
Jody@AttorneyForFreedom.com
*Attorneys for Plaintiff*


 */s/ Cindy Castro*