**Marc J. Victor, SBN 016064**
**Jody L. Broaddus, SN 020122**
ATTORNEYS FOR FREEDOM
3185 South Price Road
Chandler, Arizona 85248
Phone: (480) 755-7110
Fax: (480) 857-0150
Marc@AttorneyForFreedom.com
Jody@AttorneyForFreedom.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lazaro Curiel, an individual, | Case No.: 2:19-cv-03833-JAT-MHB |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| v. | **(42 U.S.C. § 1983 Violations, Gross Negligence)** |
| City of Phoenix, a municipal entity, and James Byrd, in his official and individual capacities; | |
| Defendants. | |

Plaintiff Lazaro Curiel, by and through undersigned counsel, for his Complaint against Defendants alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff brings this action pursuant to 42 U.S.C § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

2. Jurisdiction and venue are proper in the Court pursuant to 28 U.S.C. § 1331 and 1343.

3. The events at issue in this lawsuit occurred in the State of Arizona.

4. Plaintiff is, and was at all material times, a resident of the State of Arizona.

5. Defendant City of Phoenix (hereinafter referred to as "Phoenix") is a municipality formed and designated as such pursuant to Title 9 of the Arizona Revised Statutes.

6. Defendant Phoenix is subject to a civil suit and may be held liable both independently and vicariously, as permitted by federal and state law, for the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including the City of Phoenix Police Department ("Phoenix Police Department") and its officers and employees.

7. At all times material to this Complaint, Defendant James Byrd ("Byrd") was resident of the State of Arizona.

8. At all times material to this Complaint, Defendant Byrd was an agents and employees of Defendant Phoenix and was acting within the course and scope of his employment with the City of Phoenix Police Department. Defendant Byrd is sued both in his official and individual capacities for purposes of Plaintiff's claims under 42 U.S.C. § 1983.

**GENERAL ALLEGATIONS**

9. On the evening of February 16, 2018, Plaintiff Lazaro Curiel was performing repairs on a vehicle outside of his neighbor's residence when several vehicles suddenly approached the property at a very high rate of speed. The vehicles were unmarked City of Phoenix police vehicles, and their headlights were on which prevented Plaintiff from seeing the vehicles or their occupants.

10. As the vehicles came to a stop, Plaintiff turned away from the trunk of the vehicle he was repairing and, as he turned, Defendant Byrd began shooting him. At no time did any officer identify themselves prior to the shooting.

11. Plaintiff was shot multiple times by Defendant Byrd. Plaintiff immediately fell to the ground and was unable to move due to his injuries from the shooting.

12. While Plaintiff was on the ground after being shot, Defendant Phoenix officers deployed a K-9 officer which caused additional injuries to Plaintiff.

13. Defendant Phoenix's K-9 officer dragged Plaintiff into the middle of the street, where Plaintiff was then stood up and laid on the hood of a marked police suburban by Defendant Phoenix officers.

14. Defendants wrongfully arrested and charged Plaintiff Lazaro Curiel with aggravated assault and, as a result, he has spent no less than a year in jail.

15. As a result of the shooting by Defendant Byrd, Plaintiff sustained various substantial and life-threatening injuries, and he was deprived of his constitutional rights.

16. Defendant Phoenix's officers and agents, including Defendant Byrd, failed to employ proper protocols and training, and they failed use proper methods to execute an arrest. Further, there was no basis to arrest Plaintiff.

17. Defendant Byrd used unlawful, unnecessary, unreasonable, and excessive force, which resulted in life-altering injuries to Plaintiff Lazaro Curiel. The shooting of Plaintiff Lazaro Curiel was unlawful, unprovoked, unwarranted, unjustified, callous, depraved, vicious, and evil.

18. The acts and omissions of Defendant Byrd alleged herein were taken on behalf of, for the benefit of, and as agents of Defendant Phoenix. Also, such acts and omissions occurred in the course and scope of the officer's employment with Defendant Phoenix. Upon information and belief, the acts and omissions were either authorized by, were directed or caused by, or were consistent with or performed pursuant to policies, practices, and customs of Defendant Phoenix. Therefore, Defendant Phoenix is liable for all such acts and omissions, as well as Plaintiff's injuries and damages that result from such acts and omissions.

19. Defendant maliciously charged Plaintiff Lazaro Curiel with aggravated assault, a class 5 felony, and other alleged crimes, and he has remained in jail for no less than a year.

20. Defendants' wrongful conduct deprived Plaintiff's rights secured to him by the Constitution and the laws of the United States, including, among other things:
    a.    The right to be free from unreasonable search or unreasonable seizure;
    b.    The right to be free from the use of unreasonable, unjustified, and excessive force;
    c.    The right to be free from deprivation of life, liberty, or property without due process of law; and
    d.    The right to be free from summary punishment;

21. Defendants' wrongful acts and omissions have had, and will continue to have, an extremely detrimental impact on the Plaintiff, and his damages are significant. Plaintiff Lazaro Curiel was subject to a tragedy at the hands of the Phoenix Police Department, which has resulted in lifelong and permanent injuries and scars. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages in an amount to be proven at trial.

22. Defendants' acts and omissions were evil, malicious, and undertaken with the intent to harm Plaintiffs or with a reckless disregard of the substantial risk of serious harm, and Defendants acted with an evil mind. Therefore, Plaintiff is entitled to punitive or exemplary damages.

23. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to recover their reasonable attorneys' fees and costs, including expert fees.

**COUNT ONE**

**42 U.S.C. § 1983 - Excessive Force in Violation of the**

**Fourth, and Fourteenth Amendments**

**(Against Defendant Byrd)**

24. Plaintiff re-alleges and incorporates by reference their claims, facts, and allegations contained in the paragraphs above, as if set forth fully herein.

25. Plaintiff Lazaro Curiel did not engage in any illegal activity and there was no probable cause to stop, detain, or arrest Plaintiff at the time Defendants employed lethal force against Plaintiff Lazaro Curiel.

26. Plaintiff Lazaro Curiel did not pose a threat to the officers, did not resist the officers, and did not attempt to flee from officers as they approached the residence.

27. The degree of force employed by Defendant Byrd against Plaintiff Lazaro Curiel was unlawful, excessive, and not justified.

28. Defendant Byrd used excessive, extremely painful, and deadly force against Plaintiff Lazaro Curiel, even though he was not engaged in any criminal activity, threatening, resisting, or trying to escape. Further, there was no probable cause or reasonable suspicion to detain, stop, or arrest Plaintiff.

29. Defendant Byrd utilized a lethal and deadly level of force against a civilian in violation of Plaintiff's Fourth Amendment rights.

30. The United States Constitution and Article 2, Section 4 of the Arizona Constitution explicitly guarantees any given person due process of law.

31. The United States Constitution and Article 2, Section 8 of the Arizona Constitution explicitly guarantees any person the right to privacy as to their personal affairs. Defendants violated these constitutional rights by knowingly and intentionally engaging in such conduct that any reasonable person or minimally competent officer would have known, or should have known, would violate these clearly established rights.

32. Defendant Byrd's conduct violated clearly established constitutional rights under the United States Constitution and the Arizona Constitution, which any reasonable person would have known such conduct would do so. Therefore, Defendant Byrd is not entitled to qualified immunity.

33. Defendant's wrongful conduct and unconstitutional actions were the moving force of Plaintiff's injuries and damages.

34. Defendant Byrd's excessive and deadly force that was used against Plaintiff Lazaro Curiel was illegal, unprovoked, without justification, and lacked probable cause, and it further resulted in severe, life-altering injuries and damages. Further, Defendant Byrd's acts and omissions constitute negligence, gross negligence, reckless disregard and/or assault.

35. Defendant Byrd's unlawful acts against Plaintiff, violated the duties of care Defendants owed to the Plaintiff and amounts to a complete disregard for human life.

36. As a direct and proximate result of wrongful acts and omissions of Defendant Byrd, Plaintiff has suffered devastating injuries and emotional trauma.

37. As a direct and proximate result of wrongful acts and omissions of Defendant Byrd, Plaintiff is entitled to recover injuries and damages in an amount to be determined at trial.

38. Defendant Byrd's unlawful and malicious acts deprived Plaintiff Lazaro Curiel of his right to be free from excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

39. Defendant Byrd acted with intent to cause injury and their wrongful conduct was motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Plaintiff Lazaro Curiel. Defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff. Thus, deterrence and punishment are appropriate. Therefore, Plaintiff is entitled to an award for punitive damages.

## COUNT TWO
### Gross Negligence
### (Against All Defendants)

40. Plaintiff re-alleges and incorporates, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

41. Defendants have a statutory and common law duty to assure the safety and well-being of persons and a duty to protect Plaintiff from harm that may be caused by the use of unnecessary, unreasonable, or excessive force.

42. Defendants acted and/or failed to act, despite knowing or having reason to know that Plaintiff was or would be inappropriately subjected to an unreasonable risk of serious harm and injury or death as a result of their actions and/or inactions.

43. Defendants subjected Plaintiff to reckless and excessive force, and/or failed to intervene to prevent use of such force, as alleged above.

44. A reasonable person under the same circumstances would have known that Plaintiff was inappropriately subjected to the use of unreasonable and unjustified force.

45. Defendants breached grossly their duties, as identified by the allegations set forth in the paragraphs above by, among others and without limitation: subjecting Plaintiff to excessive force and failing to properly follow the applicable protocols, practices, policies, training, and standards of law enforcement.

46. Defendant Phoenix breached its duties, as identified by the allegations set forth in the paragraphs above, by (among others and without limitation): failing to properly screen, hire, retain and supervise its employees; ratifying improper conditions, customs, policies, procedures, and/or practices by inaction; implementing, utilizing, and/or permitting to exist unreasonable dangerous policies, practices, protocols, customs, and training (or lack thereof) with respect to (among others and without limitation) the use of force; approaching, arresting, and/or responding to citizens; failing to appropriately hire, retain and supervise its employees.

47. Defendant Byrd was, at all times material hereto, acting within the course and scope of their employment, and Defendant Phoenix is vicariously liable for the actions of Defendant Byrd.

48. Defendants' breaches of duty caused or contributed to Plaintiff's injuries.

49. As the result of Defendants' gross negligence, Plaintiff has suffered, and will continue to suffer from permanent injuries pain, anguish, stress, shock, and mental damages; and economic and non-economic damages in an amount to be proven at trial.

50. As a direct and proximate result of Defendants' grossly negligent acts and omissions, Plaintiff has been damaged in an amount to be proven at trial.

51. Defendants' conduct was engaged in with intent to cause injury, was wrongful conduct motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of or cause the death of Plaintiff. Indeed, Defendants' callous disregard was further accentuated by Defendants' deployment of the K-9 officer and the subsequent attacking and dragging of Plaintiff's unresponsive body. Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm or death to Plaintiff. Moreover, deterrence and punishment are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for damages and for judgment against Defendants as follows:

A. General and compensatory damages in an amount to be proved at trial;

B. For taxable costs and pre and post judgment interest to the extent permitted by law;

C. Punitive damages in an amount deemed just and reasonable as permitted by law against Defendant Byrd under Federal law;

D. For costs and attorneys' fees against under Arizona law, the Constitution, and laws of the United States, including 42 U.S.C. § 1988;

E. Such other and further relief which may seem just and reasonable under the circumstances.

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury on all issues in this matter triable to a jury.

RESPECTFULLY SUBMITTED this 7th day of August, 2019.

/ / /

/ / /

ATTORNEYS FOR FREEDOM


By: */s/ Jody L. Broaddus*
Jody L. Broaddus, Esq.
Marc J. Victor, Esq.
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2019, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants, and a copy was also sent by first class mail to:

John T. Masterson, Esq.
Derek R. Graffious, Esq.
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004


By: */s/ Alexzandria Thompson*