WO                                                                                                       MGD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lazaro Curiel,<br><br>    Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>    Defendants. | No. CV 19-03833-PHX-JAT (MHB)<br><br><br>**ORDER** |

  Plaintiff Lazaro Curiel, who is represented by counsel, brought this civil rights action in Maricopa County Superior Court and Defendants removed the action to this Court. Plaintiff subsequently filed a First Amended Complaint (FAC). (Doc. 10.) Pending before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 23), which Plaintiff opposes (Doc. 30).

**I. First Amended Complaint**

  Plaintiff alleges the following in his FAC. On February 16, 2018, in the evening, Plaintiff was repairing a vehicle outside his neighbor's residence when several vehicles suddenly approached at a high rate of speed. (Doc. 10 ¶ 9.) The vehicles were unmarked City of Phoenix police vehicles and their headlights prevented Plaintiff from seeing the vehicles or their occupants. (*Id*.) As the vehicles came to a stop, Plaintiff turned away from the trunk of the vehicle he was repairing and, as he turned, Defendant Byrd, a City of Phoenix police officer, began shooting Plaintiff. (*Id.* ¶ 10.) The officers did not identify themselves before the shooting began and Plaintiff was shot multiple times by Byrd. (*Id.*

¶¶ 10-11.) Plaintiff immediately fell to the ground and was unable to move due to his injuries; while he was on the ground, officers deployed a K-9. (*Id.* ¶¶ 11-12.) The K-9 dragged Plaintiff into the middle of the street, where Plaintiff was stood up and laid on the hood of a marked police vehicle. (*Id.* ¶ 13.) Plaintiff was "wrongfully arrested" and charged with aggravated assault and spent no less than a year in jail. (*Id.* ¶ 14.) Plaintiff sustained "various substantial and life-threatening injuries" as a result of the shooting and has permanent injuries and scars. (*Id.* ¶¶ 15, 21.)

Count One asserts a Fourth and Fourteenth Amendment claim of excessive force against Defendant Byrd pursuant to 42 U.S.C. § 1983. (*Id.* ¶¶ 24-39.) Count Two asserts a gross negligence claim against Defendants Byrd and the City of Phoenix. (*Id.* ¶¶ 40-51.) Plaintiff seeks damages, including punitive damages, costs and attorneys' fees. (*Id.* at 8.)

## II. Governing Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, any party may move for judgment on the pleadings. For the purposes of a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that contradict those of the nonmoving party are assumed to be false. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004). A motion for judgment on the pleadings may be granted only if, "taking all the allegations in the [nonmoving party's] pleading as true, the moving party is entitled to judgment as a matter of law." *McSherry v. City of Long Beach*, 423 F.3d 1015, 1021 (9th Cir. 2005) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). A Rule 12(c) motion is a vehicle for summary adjudication, but the standard is "functionally identical" to the standard governing a Rule 12(b)(6) motion. *Caffaso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 n.4 (9th Cir. 2011). A district court may render a "judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Yanez v. United States,* 63 F.3d 870, 872 (9th Cir. 1995) (quotations omitted); *see also George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229

(9th Cir. 1996) (holding that the burden is on the moving party to show that no material issue of fact remains to be resolved). To warrant dismissal, "it must appear to a certainty that the Plaintiff would not be entitled to relief under any set of facts that could be proved." *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) (quoting *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988)).

The Court may not go beyond the pleadings to resolve a motion for judgment on the pleadings. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The Court must accept the nonmovant's allegations as true and construe the pleading in the light most favorable to the plaintiff. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If evidence outside of the pleadings is considered, the Rule 12(c) motion should be construed as one for summary judgment; however, documents outside the pleading may be considered without converting the motion if: (1) the complaint refers to the document; (2) the document is central to the claim; and (3) no party questions the document's authenticity. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

**III. Discussion**

    **A. Excessive Force Claim**

Defendants argue that Plaintiff's § 1983 excessive force claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) because Plaintiff pleaded guilty to aggravated assault with a deadly weapon against Defendant Byrd for the same events at issue in Plaintiff's FAC. (Doc. 23 at 4-6.)

The Supreme Court held in *Heck* that a prisoner's claim for damages cannot be brought under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck*, 512 U.S. at 477. A conviction for resisting arrest or aggravated assault, however, does not automatically or necessarily bar an excessive force claim. *Smith v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005) (en banc) (*Heck* does not bar an excessive use of force

claim under § 1983 when the alleged excessive force was used "subsequent to the time [the Plaintiff] engaged in the conduct that constituted the basis for his conviction"). To determine whether *Heck* bars the claim, the Court must consider (1) the factual basis for the plaintiff's conviction as compared to the factual basis for the claim of excessive force and (2) the relative timing of the two events. *Id*. If the facts underlying the alleged use of excessive force are separate and distinct from those that gave rise to the resisting arrest or assault conviction, the excessive force claim is not barred. *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). But if the alleged excessive force and the plaintiff's conviction stem from the same facts, *Heck* bars the excessive force claim. *See Cunningham v. Gates*, 312 F.3d 1148, 1154-55 (9th Cir. 2002) (excessive force claim barred by *Heck* where "there was no break" between plaintiff's "provocative act" and the alleged use of excessive force).

In support of their Motion, Defendants submit the following documents from Maricopa County Superior Court case #CR2019-109861-001 DT, *The State of Arizona v. Lazaro Curiel*: (1) Indictment 719 GJ 201, indicting Plaintiff on one count of Aggravated Assault (Count 1) and one count of Misconduct Involving Weapons (Count 2) and stating that on or about February 16, 2018, Plaintiff, "using a firearm, . . . intentionally did place James Byrd III, a peace officer, in reasonable apprehension of imminent physical injury . . . ."; (2) Plea Agreement dated August 26, 2019 in which Plaintiff agreed to plead guilty to Count 1, Aggravated Assault; and (3) Sentencing Order dated October 24, 2019 imposing a presumptive prison term of 10.5 years.[1] (Doc. 23-1 at 2-5, 8-12, 14-16.)

Defendants argue that Plaintiff's excessive force claim against Byrd "cannot be maintained because success in this action would invalidate his conviction for aggravated assault with a deadly weapon against Officer Byrd." (Doc. 23 at 6.) Defendants contend that Plaintiff's FAC "fails to address or otherwise explain his possession of a fireman, or

---

[1] A court may take judicial notice of proceedings in other courts on its own volition when those proceedings "have a direct relation to matters at issue." Fed. R. Evid. 201(c)(1); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2006). Plaintiff does not dispute any of the submitted documents, and the Court finds no basis to question the accuracy of the court documents; therefore, the Court takes judicial notice of the state court documents submitted with Defendants' Motion.

his aggravated assault on Officer Byrd" during the incident on February 16, 2018, to which Plaintiff knowingly and voluntarily pleaded guilty, and that nothing in the FAC contradicts that Byrd "only took action to defend himself against Plaintiff's aggravated assault with a deadly weapon after those very events for which Plaintiff pled guilty." (*Id.* at 2, 5-6.)

Plaintiff does not argue that his conviction for aggravated assault on Defendant Byrd has been reversed, expunged, or otherwise invalidated. Rather, he argues that Byrd's alleged use of excessive force occurred after the event for which he was convicted and therefore his excessive force claim is not barred by *Heck*. (Doc. 30 at 4-5.) Plaintiff's Response presents additional facts that are not alleged in his FAC, including that when the unmarked vehicles approached him, Plaintiff lifted his shirt to display a gun to cause apprehension; when the vehicles stopped, Plaintiff began to flee in fear and Byrd fired approximately 9 rounds at Plaintiff; Byrd continued firing after Plaintiff was on the ground; and the K-9 unit was deployed after Plaintiff was shot and immobile on the ground. (*Id.* at 2-3.) Plaintiff includes these new allegations in a proposed second amended complaint attached to his Response and he requests leave to amend his FAC. (Doc. 30 at 10; Doc. 30-1 at 1-11.)

Defendants reply that the Court "should decline Plaintiff's invitation to analyze Defendants' Motion under a brand new set of facts that are irrelevant and inoperative," and the Court should decline Plaintiff's request for leave to amend. (Doc. 31 at 2.) Defendants argue that Plaintiff's original Complaint was filed in February 2019, his FAC was filed in August 2019, and the Court's scheduling Order issued on October 4, 2019 states that "the parties do not anticipate the addition of other parties or any amended pleadings in this case."[2] (*Id.*, quoting Doc. 14.) Defendants argue that Plaintiff has not met the showing of good cause required under Federal Rule of Civil Procedure 16 for granting leave to amend and he has failed to show that he has been diligent in seeking to amend. (*Id.* at 3.)

---

[2] The Scheduling Order sets July 24, 2020 as the deadline for expert disclosures, August 7, 2020 as the deadline for completion of fact discovery, September 25, 2020 as the deadline for expert depositions, and December 11, 2020 as the deadline for dispositive motions. (Doc. 14.)

Defendants do not argue that anything in Plaintiff's proposed amended complaint contradicts what is in the FAC or in the state court documents and exhibits. Nor do Defendants argue they would be prejudiced by granting Plaintiff leave to amend.

Dismissal without leave to amend is proper only in "extraordinary" cases. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing *United States v. City of Redwood,* 640 F.2d 963, 966 (9th Cir.1981)). The Ninth Circuit has held that "[w]here counsel is able to posit possible amendments that would be consistent with the operative complaint and could also possibly state a claim for relief, the complaint should not be dismissed on its face with prejudice." *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001) (citing O*rthmann v. Apple River Campground, Inc.,* 757 F.2d 909, 914 (7th Cir. 1985); *see also Pegram v. Herdrich,* 530 U.S. 211, 230 & n.10 (2000) ("Though this case involves a motion to dismiss under [Rule] 12(b)(6), and the complaint should therefore be construed generously, we may use [Respondent's] brief to clarify allegations in [the] complaint whose meaning is unclear."); *Dawson v. General Motors Corp.,* 977 F.2d 369, 372 (7th Cir. 1992) ("This rule is necessary to give plaintiffs the benefit of the broad standard for surviving a Rule 12(b)(6) motion")).

In this case, Plaintiff has posited amendments that clarify when the alleged use of force occurred in relation to the events underlying Plaintiff's conviction for aggravated assault. After reviewing the proposed second amended complaint, the Court concludes that Plaintiff may be able to plead facts that will show his claim of excessive force is temporally distinct from the events underlying his aggravated assault conviction. Thus, amendment would not be futile under *Heck* and the Court will deny Defendants' Motion as to Count One and will grant Plaintiff leave to amend his FAC.

### B. Gross Negligence Claim

Defendants argue that Plaintiff's gross negligence claim in Count Two is barred as a matter of law under *Ryan v. Napier*, 425 P.3d 230 (Ariz. 2018). (Doc. 23 at 1.) In *Ryan*, the Arizona Supreme Court held that the negligent use of intentionally inflicted force is not a cognizable claim. *Ryan*, 425 P.3d at 236. Defendants argue that Plaintiff's gross

negligence claim is entirely predicated on intentional acts and Plaintiff's FAC is devoid of facts or allegations that either Byrd or any other officer did anything negligent in using force against Plaintiff. (Doc. 23 at 7.) Plaintiff responds by seeking leave to amend his FAC to clarify that the gross negligence claim is being asserted only against Defendant City of Phoenix and to allege additional facts as set forth in the proposed second amended complaint. (Doc. 30 at 10.)

Defendants also argue that Plaintiff's only theory of liability on his gross negligence claim against the City of Phoenix is one of vicarious liability, but if Defendant Byrd has no liability, then the City cannot be vicariously liable. (*Id.*) Plaintiff does not respond to this particular argument. (*See* Doc. 30.)

Defendants cite three cases in support of their argument that Plaintiff cannot maintain a negligence claim based on vicarious liability against the City of Phoenix because Defendant Byrd has no liability. (Doc. 23 at 7, citing *Torres v. Kennecott Copper Corp.*, 488 P.2d 477 (Ariz. Ct. App. 1971), *Law v. Verde Valley Med. Ctr.*, 170 P.3d 701 (Ariz. Ct. App. 2007), and *Mulhern v. City of Scottsdale*, 799 P.2d 15 (Ariz. Ct. App. 1990).) In *Torres*, the Arizona appellate court held that "where the master's liability is based solely on the negligent acts of his servant, a judgment in favor of the servant relieves the master of any liability." 488 P.2d at 479. *Torres* relied on a 1945 Arizona Supreme Court opinion, *DeGraff v. Smith*, which held that a dismissal with prejudice of an individual defendant is a judgment on the merits that carries preclusive effect against the agent's principal. *See* 157 P.2d 342 (1945). The second case cited by Defendants, *Law*, addresses Arizona's Uniform Contribution Among Tortfeasors Act (UCATA), which abrogated joint liability for most tortfeasors, and the appellate court held that the UCATA did not change the law regarding vicarious liability under *DeGraff*. 170 P.3d at 704. The Arizona Supreme Court subsequently disavowed the holding in *DeGraff* and held that "a stipulated dismissal with prejudice of an employer's agent does not preclude a party from asserting a claim against the agent's principal for its own independent negligence," even when the independent negligence claim requires proof of the agent's negligence. *Kopp v. Physician*

*Group of Arizona, Inc.*, 421 P.3d 149, 150 (Ariz. 2018).  Therefore, *Torres* and *Law* do not support Defendants.

The last case cited by Defendants, *Mulhern*, held that "[i]n order for the employer to be liable for negligent hiring, retention or supervision, the employee must have committed a tort."  *Mulhern*, 799 P.2d at 18 (citations omitted) ("the employer is not negligent in hiring or retaining the employee as a matter of law if the theory of the employee's underlying negligence fails").  Plaintiff's gross negligence claim against the City of Phoenix in this case is premised, in part, on a theory of negligent hiring, retention or supervision (*see* Doc. 10 ¶ 46), and Plaintiff has not asserted a viable tort claim against Defendant Byrd.  However, Plaintiff also alleges that the City of Phoenix breached its duties to Plaintiff by "ratifying improper conditions, customs, policies, procedures, and/or practices by inaction; implementing, utilizing and/or permitting to exist unreasonable dangerous policies, practices, protocols customs, and training (or lack thereof) with respect to (among others and without limitation) the use of force; approaching, arresting, and/or responding to citizens. . . ."  (*Id.*)  The Arizona Supreme Court has recognized that direct liability of an entity is available when the entity is "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers.'"  *City of Phoenix v. Yarnell*, 909 P.2d 377, 384 (Ariz. 1995) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)).  Because Plaintiff's gross negligence claim is, at least in part, independent of Byrd's actions, the Court will not apply the "underlying tort" theory from *Mulhern* to bar Plaintiff's direct gross negligence claim against the City of Phoenix.

Accordingly, the Court will grant Defendants' Motion as to Plaintiff's gross negligence claim against Defendant Byrd in the FAC and deny the Motion as to Plaintiff's gross negligence claim against the City of Phoenix.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion for Judgment on the Pleadings (Doc. 23).

      (2)    Defendants' Motion for Judgment on the Pleadings (Doc. 23) is **granted in part and denied in part**. The Motion is **granted** as to Plaintiff's gross negligence claim in Count Two against Defendant Byrd and that claim is dismissed. The Motion is otherwise **denied**.

      (3)    Within **7 days** of the date of this Order, Plaintiff may file a clean copy of the Second Amended Complaint attached to the response.

      (4)    The October 4, 2019 Scheduling Order (Doc. 14) is amended as follows:

          (a)    The discovery deadline is extended an additional **sixty (60) days** from the date of this Order.

          (b)    The deadline for filing dispositive motions is extended to **February 11, 2021**.

          (c)    All other portions of the October 4, 2019 Scheduling Order remain in effect.

      (5)    All further pre-trial matters must remain before the Magistrate Judge.

Dated this 13th day of October, 2020.

_James A. Teilborg_
Senior United States District Judge